[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14175
Non-Argument Calendar

_____

D. C. Docket No. 06-60344-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY OLBEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 1, 2008)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

This is Johnny Olbel's appeal of his convictions for possessing crack

cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), and for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

## I.

Olbel first contends that the district court erred in denying his motion to suppress the evidence of the drugs and the firearm that were found in his vehicle when he was arrested.

"[T]he general rule in the criminal context is that warrantless searches are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." United States v. Gonzalez, 71 F.3d 819, 825 (11th Cir. 1996) (internal quotation marks and citations omitted). One of those exceptions is for a search incident to a lawful arrest, United States v. Bailey, 691 F.2d 1009, 1018 (11th Cir. 1982), which includes the right to search a vehicle occupied by the arrestee, New York v. Belton, 453 U.S. 454, 460, 101 S. Ct. 2860, 2864 (1981). Under that exception an officer may search a vehicle the arrestee has recently occupied even if the officer first makes contact with him after he has exited the vehicle. Thornton v. United States, 541 U.S. 615, 617, 623–24, 124 S. Ct. 2127, 2129, 2132 (2004).

The district court did not err in determining that the search of Olbel's car was a lawful search incident to his arrest. The court's findings that Olbel was

arrested almost immediately after exiting his vehicle and that the officers approached him when he was within close physical proximity to it are supported by the testimony and not clearly erroneous. The arresting officers also testified that they saw Olbel with marijuana in plain sight before they approached him and that one of them knew from his earlier contact with Olbel that he had a suspended driver's license. There was no Fourth Amendment violation.

**II.**

Olbel also contends that he is entitled to a new trial because the government failed to provide him access to potentially exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963). The evidence at issue is the government's knowledge that someone other than Olbel owned the vehicle from which the drugs and firearm were seized and that the owner had given the vehicle to Olbel before his arrest.

There was no Brady violation because Olbel surely knew that he was not the owner of the vehicle and how he had come to be in it. The government is not required to disclose to a defendant a fact that the defendant already knows or could ascertain with reasonable diligence. United States v. Newton, 44 F.3d 913, 918 (11th Cir. 1995). Not only that, but Olbel has also failed to show that the fact the vehicle he was driving at the time of his arrest was owned by someone else was

3

material in the <u>Brady</u> sense.  <u>See</u> <u>id.</u>[1]

       **AFFIRMED.**

---

[1] Olbel also contends that his sentence was "unconstitutional" in light of the disparity between sentences for possession of powder cocaine and crack cocaine.  We decline to reach this contention because Olbel abandoned it by only mentioning it in passing and providing no citations to any authority to support his argument.  <u>See</u> <u>United States v. Gupta</u>, 463 F.3d 1182, 1195 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 2446 (2007); <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).